### COUGHLIN v. RICHMOND *et al.*

**Conveyance:** RESCISSION: FRAUD: EVIDENCE. The district court in this case entered a decree rescinding a deed of land and cancelling a note and mortgage given to secure the purchase price, on the ground that the grantor fraudulently pointed out and represented that the tract described in the deed extended to a certain point, when it did not, and that plaintiff therefore received less land than he bargained for. But *held* that the evidence (see opinion) was *not* of that clear and satisfactory kind which justifies the rescission of a contract, and that the decree should be reversed.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, FEBRUARY 7, 1889.

ACTION in chancery to rescind the contract of purchase of certain town lots, and to cancel a note and mortgage executed by plaintiff to secure a part of the purchase money. The relief prayed for was granted by the decree. Defendant appeals.

Coughlin v. Richmond.

*James A. Reed*, for appellant.

*John M. Redmond*, for appellee.

BECK, J.—I. The defendant Richmond conveyed to plaintiff "all that part of lot 6, in block 19, Carpenter's addition to Cedar Rapids, Iowa, lying north of the Chicago and Northwestern Railway; being the same conveyed by G. Carpenter and wife to George W Giddings, February 17, 1881." Carpenter conveyed, by the deed referred to, all of lots 6 and 7, block 19, lying north of the Chicago and Northwestern Railway Co. Giddings conveyed to Kelly, and Kelly to defendant Richmond, by the same description as is in the deed to plaintiff. Plaintiff bases his claim for the rescission of the contract of purchase on the ground of the misdescription of the property, and the fraud of plaintiff in pointing out and representing to him that the lot sold included sixteen or eighteen feet of an adjoining lot; the line being near a cellar or old wall, referred to as a landmark.

II. It is not disputed that the deed to plaintiff fails to describe the parts of lots purchased by plaintiff, omitting to cover the part of lot 7 included in the purchase. Defendant, by cross-petition, making Giddings and other prior owners of the property parties, asks that the mistake by which the misdescription occurred be corrected, and the title of the property be quieted in plaintiff. By a supplementary decree the relief as prayed for in this cross-petition was granted, except that the title was quieted in defendant Richmond.

II. The plaintiff claims that defendant represented that the land, as described and pointed out to him, included a part of an adjoining lot, and that he made the purchase relying upon these representations, which are alleged to have been fraudulently made in order to induce plaintiff to purchase the land. The district court found the facts as alleged by plaintiff, and thereupon entered a decree rescinding the contract of purchase. The evidence fails to establish to our satisfaction

that there were false and fraudulent representations as to the boundaries of the land, which induced plaintiff to make the purchase. The person making the sale for defendant, who plaintiff claims pointed out the lines, testifies that he informed plaintiff that he did not know the boundaries of the land, and stated that there was a difference and dispute in relation thereto. All that need be said is that the evidence on this point is conflicting. It surely does not bring the mind to the conclusion, without a rational doubt, that plaintiff did make the purchase upon representations as to the boundaries of the lot which were false and fraudulent. But evidence of this character which fails to produce a higher degree of credit, a fuller assent of the mind, will not authorize a decree rescinding a contract. We reach the conclusion that the district court erred in decreeing the rescission of the contract of sale. The decree, so far as it grants that relief, is reversed. It should have quieted the title in plaintiff. A decree to that effect on defendant's cross-bill will be entered in this court, or, at defendant's option, in the court below.

REVERSED.